**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WEINGARTEN REALTY INVESTORS,
a Texas real estate investment trust,

      Plaintiff,

v.                                                          CIV. NO. 05-1060 WPL/KBM

FURNITURE WORLD, INC., a New Mexico
corporation d/b/a VALLEY FURNITURE
WAREHOUSE,

      Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN
PART AND DENYING IN PART MOTION TO DISMISS COUNTERCLAIM**

      Weingarten Realty Investors owns the Wyoming Mall in Albuquerque, New Mexico. On November 27, 2000 Furniture World, Inc. executed a Lease Contract with Weingarten for retail space at the Mall. Furniture World leased approximately 50,000 square feet at the Mall to operate a retail furniture store under the trade name Valley Furniture Warehouse for seven years, commencing on March 1, 2001. Weingarten alleges that Furniture World has been in arrears on rental payments since June 1, 2005. Furniture World abandoned the premises on September 1, 2005, and Weingarten filed suit against Furniture World for breach of the lease.

      On November 9, 2005 Furniture World filed an Answer and Amended Counterclaim against Weingarten. [Doc. 8] Furniture World claims that Weingarten knew that Furniture World's business depended on walk-in traffic from other tenants in the Mall, that Weingarten knew, at or near the time of executing the lease, that major tenants (Furr's Supermarkets and Tom Young's) at the Mall were not continuing their businesses there, and that Weingarten deliberately and intentionally concealed

these facts from Furniture World. Furniture World claims that Weingarten hoped to redevelop the shopping center for a possible tenancy by Wal-Mart, and engaged in a practice of not renewing leases of tenants and allowing only month-to-month leases with tenants, which caused tenants to leave the Mall. Furniture World also claims that in January of 2004 Weingarten and Furniture World executed a Recapture Agreement which required Weingarten to pay Furniture World $1 million if its space was recaptured after June 30, 2004, and that Weingarten took actions to force Furniture World to leave the premises so that Weingarten would not have to pay the recapture fee. The Amended Counterclaim asserts causes of action for breach of contract, constructive eviction, interference with prospective contractual relations, misrepresentation and prima facie tort.

## Standard of Review

Weingarten has filed a Motion to Dismiss Furniture World's Counterclaim [Doc. 10], claiming that Furniture World has failed to state a claim for relief for any of the causes of action asserted. The standards for evaluating a motion to dismiss are well settled. "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (*quoting Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). The court is to accept the well-pleaded allegations in the complaint as true and construe them in the light most favorable to the non-moving party, and a motion to dismiss should be granted only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Id.* Rule 12(b)(6) erects a "powerful presumption" against dismissing pleadings for failure to state a claim for relief. *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir. 1995).

**Breach of Contract**

Although Count I of the Amended Counterclaim is titled Breach of Contract, Furniture World does not allege any breach of the express terms of the lease agreement. Instead, Furniture World alleges that an implied term in the lease agreement is that Weingarten would maintain the Mall as a commercially viable center, and that Weingarten breached this implied term. Weingarten contends that Furniture World is precluded from asserting this cause of action by Section 25.07 of the Lease, which provides that "Tenant hereby waives and relinquishes any right to assert, as either a claim or a defense, that Landlord is bound to perform or is liable for the non-performance of any implied covenant or implied duty of Landlord not expressly set forth herein."[1]

In construing a contract, courts will give effect to the intent of the parties, and when the terms of the agreement are clear and unambiguous, courts try to ascertain the intent of the parties from the ordinary meaning of the language in the agreement. *Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 858 P.2d 66, 80 (N.M. 1993). Implied covenants are not favored, and the "general rule is that an implied covenant cannot co-exist with express covenants that specifically cover the same subject matter." *Id.*; *see also Melnick v. State Farm Mut. Auto. Ins. Co.*, 749 P.2d 1105, 1110 (N.M. 1988)*; Winrock Inn v. Prudential Ins. Co.*, 928 P.2d 947, 953 (N.M. Ct. App. 1996). The terms of the Lease comprehensively address the obligations of both Weingarten and Furniture World, and Section 25.07 precludes Furniture World from asserting that Weingarten had an implied covenant to maintain the Mall as a commercially viable center.

To avoid this conclusion, in its Response Furniture World asserts that a disparity of bargaining

---

[1] Weingarten also contends that Furniture World's claim is barred by Exhibit A to the Lease, which provides that future construction within the Mall will not affect the validity of the Lease. However, Weingarten has not established that any construction took place within the Mall, so it is hard to see how this provision applies.

power existed between the parties, that the Lease could be construed as an adhesion contract, and that Weingarten used its superior bargaining power to force Furniture World to accept Section 25.07 of the Lease. Neither party cited or discussed the New Mexico law on adhesion contracts.

Adhesion contracts are not per se unenforceable. A court will refuse to enforce an adhesion contract or a provision in an adhesion contract only when the contract or provision is unfair. *Guthmann v. La Vida Llena*, 709 P.2d 675, 678 (N.M. 1985). Thus, the determination that a contract is one of adhesion is only the first step in deciding whether it should be enforced. *Id.*

A party must prove three elements to establish that a contract is one of adhesion. First, the agreement must occur in the form of a standardized contract prepared or adopted by one party for acceptance by the other party. *Id.* Second, the party proffering the standardized contract must enjoy a superior bargaining position because the "weaker party virtually cannot avoid doing business under the particular contract terms.*"* *Id.* Third, "the contract must be offered to the weaker party on a take-it-or-leave it basis, without opportunity for bargaining." *Id.*

Weingarten has failed to establish that the Lease does not constitute a contract of adhesion, or if it is a contract of adhesion, that Section 25.07 of the Lease is fair. Thus, Weingarten has failed to establish that Count I of the Amended Counterclaim should be dismissed.

## Constructive Eviction

Although Count II of the Amended Counterclaim is titled Constructive Eviction, Furniture World agrees that this cause of action should have been pled as a claim for breach of the covenant of quiet enjoyment. [Doc. 18 at 6] Furniture World does not claim that Weingarten interfered with Furniture World's use or occupancy of the leased premises, but claims that Weingarten deliberately and willfully allowed the Mall to become more vacant and made damaging remarks about the state

of Furniture World's business.

Not every interference with a tenant's right to his lease space is sufficient to state a claim for a breach of the covenant of quiet enjoyment. To state such a claim, a tenant must show that he was actually or constructively evicted, and "the severity of the interference must be such that the premises become unfit for the purpose for which they were leased." *Winrock Inn*, 928 P.2d at 955. It is undisputed that Weingarten did not actually evict Furniture World from the Mall, so the issue is whether Furniture World was constructively evicted from the Mall.

"Constructive eviction occurs when the landlord's actions substantially deprive the tenant of the beneficial use of the leased premises and the tenant vacates, or when the landlord acts maliciously and his actions are so severe as to interfere with the tenant's peaceful enjoyment of the premises." *Id*. A party claiming constructive eviction must vacate the premises within a reasonable time after the commission of the acts which deprive the party of the beneficial use of the premises. *El Paso Natural Gas Co. v. Kysar Ins. Agency*, 645 P.2d 442, 443 (N.M. 1982). A delay in vacating the premises may be justified if the tenant shows either: 1) that the tenant relied upon the landlord's promises to correct the deficiency, or 2) reoccurrence of the adverse conditions. *Id*.

In *Dennison v. Marlowe*, 744 P.2d 906, 910 (N.M. 1987), the court found a constructive eviction of part of the leased premises where the Fire Marshall precluded the tenant from using the second floor of the building because the landlord refused to install a sprinkler system. However, acts which merely annoy or inconvenience the tenant do not amount to constructive eviction. *Winrock Inn*, 928 P.2d at 955. In *Kysar Insurance Agency*, 645 P.2d at 444, sending three demand letters to the tenant, followed by the filing of a lawsuit, did not interfere with the tenant's peaceful enjoyment of the premises, while in *Winrock Inn*, 928 P.2d at 955, the tenant's loss of convenient access to the

Winrock Mall and elimination of natural light for the lobby similarly did not rise to the level of a breach of the covenant of quiet enjoyment.

New Mexico courts have not addressed whether the landlord's creation of adverse economic conditions for the tenant may result in constructive eviction, and there is sparse authority in other jurisdictions on this issue. See Eugene L. Grant, *Disturbing Concepts: Quiet Enjoyment and Constrictive Eviction in the Modern Commercial Lease*, 35 REAL PROP. PROB. & TR. J. 57, 83-85 (2000). I cannot conclude at this stage of the litigation that Furniture World cannot prove any set of facts under which it could establish a breach of the covenant of quiet enjoyment. Thus, Weingarten is not entitled to have Count II dismissed.

**Interference with Prospective Contractual Relations**

Count III of the Amended Counterclaim alleges that Weingarten interfered with Furniture World's prospective contractual relations. Furniture World sets out two main claims of interference with prospective business relations by Weingarten: that Weingarten caused the occupancy rate at the Mall to decline so that Weingarten could redevelop it, and that Weingarten announced in public hearings that Valley Furniture was going out of business.

Tortious interference with existing or prospective contractual relations requires plaintiff to prove: 1) a contract or prospective contractual relation; 2) defendant's knowledge of the contractual relation; 3) intentional and improper interference, which means either (a) improper motive solely to harm plaintiff, or (b) an improper means; and 4) pecuniary harm caused by the interference. *Leyba v. Renger*, 874 F. Supp. 1218, 1225 (D.N.M. 1994) (*citing Clough v. Adventist Health Sys., Inc.*, 780 P.2d 627 (N.M. 1989)). Weingarten focuses on Furniture World's claim that Weingarten allowed the Mall to deteriorate, and asserts that Furniture World cannot show that Weingarten acted solely to

harm Furniture World because Furniture World acknowledges that Weingarten was acting for legitimate financial reasons in attempting to secure Wal-Mart as a tenant.

While Furniture World may not be able to establish that Weingarten acted with an improper motive solely to harm Furniture World, Weingarten has ignored Furniture World's claim that Weingarten acted with an improper means by announcing in public hearings that Valley Furniture was going out of business. The definition of improper means for the tort of intentional interference includes not only tortious behavior, but all "predatory" behavior. *Diversey Corp. v. Chem-Source Corp.*, 965 P.2d 332, 339 (N.M. Ct. App. 1998). Improper means include violence, threats or other intimidation, deceit or misrepresentation, bribery, unfounded litigation, defamation, or disparaging falsehood. *M & M Rental Tools, Inc. v. Milchem, Inc.*, 612 P.2d 241, 246 (N.M. Ct. App. 1980). Indeed, a judgment for interference with contractual relations was upheld when Diversey's representatives told Chem-Source's customers that Chem-Source was no longer going to be in business and was going bankrupt. *Diversey Corp.*, 965 P.2d at 336, 339. Construing the facts in the Amended Counterclaim in the light most favorable to Furniture World, Weingarten has failed to establish that this claim should be dismissed.

### Misrepresentation

Count IV of the Amended Counterclaim, which contains Furniture World's claim for misrepresentation, does not identify whether the claim is based on fraud or negligence. Furniture World's sole response to Weingarten's Motion to Dismiss this claim is to request an opportunity to amend the claim. Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the counterclaim could not be saved by amendment. *Public Utility Dist. No. 1 v. IDACORP Inc.*, 379 F.3d 641, 646 (9th Cir. 2004). Neither party discussed the New Mexico law on whether a

party may assert claims for negligent misrepresentation and fraud where the misrepresentation is the same conduct upon which a claim for breach of contract is premised. *See State ex rel. Udall v. Colonial Penn Ins. Co.*, 812 P.2d 777, 785-86 (N.M. 1991). Although Furniture World has already amended its Counterclaim once, I cannot conclude that this count in the Counterclaim cannot be saved by amendment, so will grant Furniture World leave to amend this claim.

### Prima Facie Tort

Count V of the Amended Counterclaim asserts a claim for prima facie tort. In 1990 New Mexico joined a few jurisdictions in recognizing a cause of action for prima facie tort. *See Schmitz v. Smentowski*, 785 P.2d 726, 734 (N.M. 1990). The elements of prima facie tort are: (1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; and (4) the absence of sufficient justification for the injurious act. *Lexington Ins. Co. v. Rummel*, 945 P.2d 992, 995 (N.M. 1997). Prima facie tort is to be applied narrowly. *See id.* Further, prima facie tort is intended to provide a remedy for intentional acts that do not fit within the contours of accepted torts, and "should not be used to evade stringent requirements of other established doctrines." *Schmitz*, 785 P.2d at 736, 738.

The conduct alleged by Furniture World fits within the contours of several traditional torts, and it appears that Furniture World has asserted this claim to evade the requirements of these other, more traditional, torts. This is an improper use of prima facie tort. *Schuler v. McGraw-Hill Cos.*, 989 F. Supp. 1377, 1391 (D.N.M. 1997), *aff'd*, 145 F.3d 1346 (10th Cir. 1998); *Stock v. Grantham*, 964 P.2d 125, 136-37 (N.M. Ct. App. 1998). Weingarten is entitled to dismissal of this claim.

### Damages

Count VI of the Amended Counterclaim sets out Furniture World's claims for damages.

Weingarten claims that it cannot be liable for consequential or special damages under Section 25.04 of the Lease, and in response, Furniture World reasserts its arguments concerning breach of contract. The same adhesion contract analysis applies to this count, and Weingarten has failed to establish that the Lease does not constitute a contract of adhesion, or if it is a contract of adhesion, that Section 25.04 of the Lease is fair. Thus, Weingarten has failed to establish that Count VI of the Amended Counterclaim should be dismissed.

## Conclusion

Weingarten's Motion to Dismiss Counts I, II, III and VI of the Amended Counterclaim is hereby DENIED.

Furniture World is GRANTED leave to file a Second Amended Counterclaim that will more specifically plead its claim of misrepresentation found in Count IV. The Second Amended Counterclaim shall be filed no later than February 28, 2006.

Furniture World has improperly asserted Count V, a claim for prima facie tort, because Furniture World's claims fit within the contours of more traditional torts. Therefore, Weingarten's Motion to Dismiss Count V of the Amended Counterclaim is GRANTED.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.