# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WEINGARTEN REALTY INVESTORS,
a Texas real estate investment trust,

      Plaintiff,

v.                                                       CIV. NO. 05-1060 WPL/KBM

FURNITURE WORLD, INC., a New Mexico
corporation d/b/a VALLEY FURNITURE
WAREHOUSE,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING RENEWED MOTION TO DISMISS
COUNTERCLAIMS FOR BREACH OF CONTRACT, FRAUDULENT
MISREPRESENTATION AND NEGLIGENT MISREPRESENTATION**

The Order entered February 14, 2006 [Doc. 26] dismissed Furniture World's counterclaim for prima facie tort, and allowed Furniture World to file a Second Amended Counterclaim. Furniture World subsequently filed an Amended Counterclaim, asserting causes of action for breach of contract, constructive eviction, interference with prospective contractual relations, fraudulent misrepresentation and negligent misrepresentation. Weingarten Realty Investors filed a Renewed Motion to Dismiss Furniture World's claims for breach of contract, fraudulent misrepresentation and negligent misrepresentation**,** [Doc. 30] and the parties have fully briefed the issues presented. This Order will grant Weingarten's Motion to dismiss the claims for breach of contract, fraudulent misrepresentation and negligent misrepresentation.[1]

---

[1] The February 14, 2006 Order set out the basic background facts and the standard of review for evaluating Weingarten's Renewed Motion to Dismiss.

**Breach of Contract**

As noted previously, although Count I of the Amended Counterclaim is titled Breach of Contract, Furniture World does not allege any breach of the express terms of the lease agreement. Instead, Furniture World alleges that an implied term in the lease agreement is that Weingarten would maintain the Mall as a commercially viable center, and that Weingarten breached this implied term. Weingarten contends that Furniture World is precluded from asserting this cause of action by Section 25.07 of the Lease, which provides that "Tenant hereby waives and relinquishes any right to assert, as either a claim or a defense, that Landlord is bound to perform or is liable for the non-performance of any implied covenant or implied duty of Landlord not expressly set forth herein."

In the previous Order, I found that the terms of the Lease comprehensively addressed the obligations of both Weingarten and Furniture World, and that Section 25.07 precluded Furniture World from asserting that Weingarten had an implied covenant to maintain the Mall as a commercially viable center. [Doc. 26 at 3] However, I further found that Furniture World asserted in its Response that a disparity of bargaining power existed between the parties, that the Lease could be construed as an adhesion contract, and that Weingarten had failed to establish that the lease did not constitute a contract of adhesion. [Doc. 26 at 4] Weingarten now asserts that, despite the fact that Furniture World has filed two answers and three counterclaims in this case, Furniture World failed to allege in any of those pleadings that the lease is a contract of adhesion, and that such failure constitutes waiver of this defense.

Whether the lease is a contract of adhesion is an affirmative defense that should have been pled in accordance with Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure. *Frederick v. Hess Oil Virgin Islands Corp.*, 492 F. Supp. 1338, 1341 (D. V.I. 1980), *aff'd on other grounds*, 642

2

F.2d 53 (3rd Cir. 1981). Furniture World, which merely mentioned in passing in its earlier Response that the lease is a contract of adhesion, did not properly raise the issue as an affirmative defense. *See Design Options, Inc. v. Bellepointe, Inc.*, 940 F. Supp. 86, 91-92 (S.D.N.Y. 1996); *MCI Telecomm. Corp. v. Ameri-Tel, Inc.*, 852 F. Supp. 659, 666 (N.D. Ill. 1994). Failure to properly raise an affirmative defense constitutes waiver of the defense. *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975); *Design Options*, 940 F. Supp. at 91-92; *MCI Telecomm.*, 852 F. Supp. at 666. Because Furniture World failed to properly raise this issue, it is waived, and Weingarten's motion to dismiss this claim must be granted.

### Fraudulent Misrepresentation

Count IV of the Amended Counterclaim sets out Furniture World's claim for fraudulent misrepresentation. Weingarten asserts that this claim should be dismissed because Furniture World has failed to state "the circumstances constituting fraud . . . with particularity." FED. R. CIV. P. 9(b).

"The requirements of Rule 9(b) must be read in conjunction with the principles of Rule 8, which calls for pleadings to be 'simple, concise, and direct, . . . and to be construed as to do substantial justice.'" *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (quoting FED. R. CIV. P. 8(e), (f)). The purpose of Rule 9(b) is to provide the defendant with fair notice of the claims made against it and the factual grounds upon which those claims are based. *Id.* (quoting *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992)). To comply with Rule 9(b), Furniture World's counterclaim must set forth the time, place and contents of the false representation or omission, the identity of the party making the false statements or omissions, and the consequences of the false representations or omissions. *Id.* (quoting *Lawrence Nat'l Bank v. Edmonds*, 924 F.2d 176, 180 (10th Cir. 1991)).

3

Furniture World's counterclaim does not satisfy this test. The closest the counterclaim comes is when it alleges that, at or near the time of entering into the lease, Weingarten failed to advise it that Furr's Supermarket and Tom Young's would not continue their businesses at the Mall. [Doc. 27, ¶ 8] However, Furniture World does not identify the time or place of these omissions or false statements and the identity of the person making the omissions or false statements. Furniture World's statements that Weingarten made misrepresentations as to the status of other tenants and "the condition of the center, tenant occupancy, plans for redevelopment of the center, and circumstances surrounding the buyout agreement" [Doc. 27, ¶¶ 9, 38] are conclusory and do not give any of the detail necessary to comply with Rule 9(b). Furniture World alleges that Weingarten was aware that Furniture World depended upon walk-in traffic from the other tenants in the Mall, and that Weingarten began entering into recapture agreements with other tenants, [Doc. 27, ¶¶ 8, 15] but these are simply statements of fact and not misrepresentations made to Furniture World. Finally, while Weingarten's statements that Furniture World was going out of business [Doc. 27, ¶ 17] may be relevant to the interference with prospective contractual relations claim, they are not relevant to the issue of fraudulent misrepresentation.

When a party fails to properly allege a claim for fraudulent misrepresentation, the claim should be dismissed. *See Saylor v. Valles*, 63 P.3d 1152, 1158 (N.M. Ct. App. 2002). Weingarten is entitled to dismissal of this claim.

### Negligent Misrepresentation

Count V of the Amended Counterclaim sets out Furniture World's claim for negligent misrepresentation. In this Count, Furniture World alleges the same facts set out in its claim for fraudulent misrepresentation and asserts that such facts also constitute negligent misrepresentations.

Furniture World's argument ignores the lease executed by the parties. Section 27.01 provides that the lease "constitutes the entire agreement between Landlord and Tenant; no prior written or prior or contemporaneous oral promises or representations shall be binding." Section 27.01 also states: "This Lease shall not be amended, changed or extended except by written instrument signed by both parties hereto." Furniture World does not contend that Weingarten made any of the asserted representations in a written instrument signed by both parties.

"The rule in New Mexico is that 'the concept of freedom of contract and notions of contractually assumed duties and liabilities can act to limit general tort liability in certain circumstances when limited liability is expressly bargained for.'" *Elliott Indus. Ltd. P'ship v. BP America Prod. Co.*, 407 F.3d 1091, 1116 (10th Cir. 2005) (quoting *State ex rel. Udall v. Colonial Penn Ins. Co.*, 812 P.2d 777, 785 (N.M. 1991)). By the lease, the parties contracted away liability for the negligent misrepresentations that Furniture World claims Weingarten made. Weingarten is entitled to dismissal of this claim.

### Prima Facie Tort

The February 14, 2006 Order dismissed Furniture World's counterclaim for prima facie tort because the conduct alleged by Furniture World fit within the contours of several traditional torts, and I concluded that Furniture World had asserted the claim to evade the requirements of these other, more traditional, torts. [Doc. 26 at 8] Rather than file a motion for reconsideration, Furniture World requests in its Response to Weingarten's Renewed Motion to Dismiss that this claim should be reinstated if the breach of contract or negligent or fraudulent misrepresentation counts are dismissed. I decline to do so. First, Furniture World has failed to properly raise this issue. Second, there is no justification for reinstating a claim for prima facie tort when Furniture World has claims for

constructive eviction and intentional interference with prospective contractual relations pending.

## Conclusion

Weingarten's Renewed Motion to Dismiss Furniture World's claims for breach of contract, fraudulent misrepresentation and negligent misrepresentation is hereby GRANTED.

Furniture World's request for reinstatement of the prima facie tort count is hereby DENIED.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

6